**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:21-cr-7 |
| | : | |
| vs. | : | Judge Timothy S. Black |
| | : | |
| JOCKO ROSELLO, | : | |
| | : | |
| Defendant. | : | |

**ORDER DENYING**
**DEFENDANT'S MOTION FOR BOND**

This criminal case is before the Court on Defendant's motion for pretrial release on bond (Doc. 28) and the parties' responsive memoranda (Docs. 29, 30). Defendant's Pretrial Report is also before the Court. (Doc. 10).

### I. BACKGROUND

On January 27, 2021, Defendant Jocko Rosello was arrested on a criminal complaint alleging receipt and possession of child pornography. (Docs. 2 and 15). On February 1, 2021, the Magistrate Judge held a detention hearing, and ordered Defendant's detention pending trial. (Min. Entry, Feb. 1, 2021; Doc. 13).

On March 4, 2021, a federal grand jury returned a two-count Indictment, charging Defendant with the following offenses: receipt of child pornography, in violation of 18 U.S.C. § 2252A(c)(2)(A) and (b)(1) (Count 1); and possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B) and (b)(2) (Count 2). (Doc. 19). As charged, Defendant faces a mandatory minimum term of five-years up to 20-years in prison on Count 1, and up to 10-years in prison on Count 2. *See* 18 U.S.C. § 2252A(b)(1), (b)(2).

As to Count 1 in particular, there is a rebuttable presumption that no bond condition or combination of conditions will reasonably assure his appearance or the safety of the community. 18 U.S.C. § 3142(e)(3)(E). At the detention hearing, the Magistrate Judge concluded that Defendant has failed to overcome the presumption of detention. (Doc. 13). The Magistrate Judge's Detention Order specifically notes the nature of the offense and Defendant's history and characteristics in determining that "[D]efendant's release would pose a risk of harm to the public." (*Id*.) Thus, Defendant has remained in custody since his arrest on January 27, 2021.

Defendant now seeks reconsideration of the Magistrate Judge's Detention Order, pursuant to 18 U.S.C. § 3145(b). (Doc. 28).

## II.  STANDARD OF REVIEW

Pursuant to 18 U.S.C. § 3142(e)(1), "[i]f, after a [detention] hearing …, the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the [defendant] as required and the safety of any other person and the community, such judicial officer shall order the detention of the [defendant] before trial."

A defendant may file a motion with the district court for revocation or amendment of a magistrate judge's detention order. 18 U.S.C. § 3145(b). The majority of circuits, as well as most district courts within the Sixth Circuit, hold that the district court reviews a magistrate judge's detention order *de novo*. *United States v. Yamini*, 91 F. Supp. 2d 1125, 1127-29 (S.D. Ohio 2000) (collecting cases).

In determining whether any conditions will reasonably assure a defendant's appearance and the safety of the community, the Court must consider the factors set forth in 18 U.S.C. § 3142(g), including: (1) the nature and circumstances of the alleged offense; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community if the defendant is released.

### III. ANALYSIS

In his motion for release, Defendant relies almost exclusively on the ongoing COVID-19 pandemic and his high-risk of health complications due to his underlying conditions. (Doc. 28). Defendant also argues that pretrial release would allow him to receive the mental health treatment he requires. (*Id*. at 14). Defendant states that, if released, he can reside with his mother and is willing to abide by any terms and conditions that this Court may impose. (*Id*. at 15-16). Accordingly, Defendant asserts that his release would not pose a danger to the community. (*Id*.)

The Government opposes pretrial release, arguing that Defendant poses an extraordinarily high risk to the safety of the community, based the nature of the offense and Defendant's history. (Doc. 29). Additionally, the Government argues that Defendant has similar charges pending in Kentucky and that Defendant's non-compliance with state court bond—notably, under some of the same conditions that Defendant now asserts will protect the community—evidences that no conditions will adequately assure Defendant's compliance. (*Id*.) Finally, the Government notes that Defendant can effectively address

3

his health concerns by receiving one of the FDA authorized or approved COVID-19 vaccines. (*Id.*)

In ordering Defendant detained, the Magistrate Judge addressed the appropriate statutory factors, and this Court now considers those same statutory factors *de novo*, and finds that Defendant has failed to overcome the presumption in favor of detention. Moreover, while the Court recognizes the significant threat to all individuals in the midst of the COVID-19 pandemic, the Court finds that the risk of safety to the community overwhelmingly supports the need for Defendant's continued pretrial detention.

### A. The COVID-19 Pandemic

As an initial matter, this Court acknowledges the threat posed by the ongoing COVID-19 pandemic, particularly to those with underlying health conditions and to those incarcerated. The Court would note, however, that Defendant's assertions as to his underlying health conditions have been inconsistent. Specifically, Defendant alleges in his motion that he "has a lengthy history of chronic health conditions," and that he suffers from tachycardia, hypertension, obesity, and polycystic kidney disease, among other things. (Doc. 28 at 10). Defendant offers but does not provide any supporting medical documentation. Defendant does, however, offer a letter from his physician, dated February 24, 2021, in which his physician recommends that Defendant be given a private cell due to his medical history, including "hypertension, tachycardia, obesity, and autism spectrum disorder." (*Id*. at Ex. B). However, just weeks prior, when interviewed by Pretrial Services, Defendant and his mother identified Defendant's health conditions as including tachycardia, autism, and PTSD, but made no mention of hypertension or kidney

4

disease. (Doc. 15). Nevertheless, the Court will assume that Defendant's motion accurately states his medical history.

This Court recognizes that Defendant suffers from underlying health conditions that could increase his risk of serious complications should he contract COVID-19. And the Court further acknowledges that the risk of outbreaks is significantly heightened in jails and prisons. However, as the Government notes, Defendant fails to specify whether or not he has availed himself of the COVID-19 vaccines. On November 23, 2021, the Court confirmed that the Butler County Jail (where Defendant is being held pretrial) has all three FDA authorized or approved vaccines available, *i.e.*, Pfizer (FDA approved), Moderna (FDA authorized), and Johnson & Johnson (FDA authorized). And any inmate can receive the vaccine of their choosing at the Butler County Jail upon request. Given the safety and efficacy of vaccines at reducing hospitalization and death, even among those with underlying health conditions, the Court finds Defendant's request for release unavailing, particularly in light of the Court's 18 U.S.C. § 3142 analysis, *infra*.[1]

---

[1] The CDC specifically advises that "[c]linical trials show that COVID-19 vaccines are safe and effective in people with underlying medical conditions, including those that place them at increased risk for severe COVID-19 symptoms, compared to people without underlying medical conditions." COVID-19 Vaccines for People with Underlying Medical Conditions, CDC, *available at*: https://www.cdc.gov/coronavirus/2019-ncov/vaccines/recommendations/underlying-conditions.html (last visited Nov. 23, 2021). Additionally, the CDC's compiled statistics show the overwhelming efficacy of the COVID-19 vaccine—specifically, unvaccinated individuals are currently 5.8x more likely to contract COVID-19, 11x more likely to be hospitalized due to COVID-19, and 14x more likely to die from COVID-19 complications, when compared to vaccinated individuals. COVID-19 Data Tracker, CDC, *available at*: covid.cdc.gov /covid-data-tracker/#covidnet-hospitalizations-vaccination (last visited Nov. 23, 2021); Rates of COVID-19 Cases and Deaths by Vaccination Status, CDC, *available at*: https://covid.cdc.gov/covid-data-tracker/#rates-by-vaccine-status (last visited Nov. 23, 2021).

### B. Factors Under 18 U.S.C. § 3142(g)

Even with the ongoing COVID-19 pandemic and Defendant's underlying health conditions, this Court, upon consideration of the 18 U.S.C. § 3142(g) factors, concludes that Defendant's release is improper.

First, the Court is required to consider, "the nature and circumstances of the offense charged, including whether the offense … involves a minor victim …." 18 U.S.C. § 3142(g)(1). Here, the nature and circumstances of the alleged offense are very serious. Defendant is charged with receiving and possessing child pornography.[2] However, the circumstances of the instant alleged offense place it outside the heartland of most child pornography cases. Specifically, here, the Government alleges that Defendant "was using numerous social media accounts to sextort a minor and administer a Kik group which regularly disseminated child pornography." (*Id*. at 3). The Government further alleges that Defendant "threatened to send nude images of [the minor victim] to her school if she did not break up with her boyfriend," and that he also "threatened [the minor victim's] family and stated he would only stop if she sent more sexually explicit images of herself." (*Id*.) Finally, the Government alleges that Defendant "sent the minor victim a wireless internet camera for her to install in her bedroom so he could monitor her actions." (*Id*.) In short, Defendant is alleged to have played a direct and exclusive part in

---

[2] During the preliminary pretrial conference, the Government advised that it may elect to supersede the Indictment. To date, a Superseding Indictment has not been filed. However, during the Court's December 2, 2021 status conference, the Government indicated that it would likely supersede the Indictment if the parties were unable to reach a pretrial resolution.

6

the abuse of the minor victim in this case. Accordingly, the nature and circumstances of the offense overwhelmingly support detention.

Second, the Court must consider the weight of the evidence. "This factor goes to the weight of the evidence of dangerousness, not the weight of the evidence of the defendant's guilt." *United States v. Stone*, 608 F.3d 939, 948 (6th Cir. 2010) (citing *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985)). Here, Defendant is charged federally with offenses involving a minor victim, which offenses arises from conduct similar to the pending charge against him in Kentucky state court. Moreover, the allegations relating to the offenses charged, as well as Defendant's alleged attempts to thwart supervision in order to commit the offenses, evidence dangerousness.

Third, the Court must consider Defendant's "history and characteristics," including, *inter alia*, physical and mental condition, substance abuse history, criminal history, and, specifically, "whether, at the time of the current offense or arrest, [Defendant] was on release … pending trial … for an offense under Federal, State, or local law." 18 U.S.C. § 3142(g)(3). Here, Defendant's history and characteristics weigh heavily against him in the Court's analysis. Specifically, in November 2016, Defendant was charged in Jefferson County, Kentucky with the prohibited use of electronic communication systems to procure a minor in sexual performance. (Doc. 10). That charge appears to remain pending. (*Id.*) Notably, however, Defendant was released on bond in his state court case and, indeed, was on bond to the state court when he allegedly committed the instant offense. (*Id.*; Doc. 29 at 3). Moreover, at the time of the instant alleged offense, Defendant was residing with his mother and was subject to specific

7

conditions, including bi-weekly reporting to pretrial and "no computer or social media access," *i.e.*, precisely the same conditions that Defendant alleges will ensure his compliance in the instant case. (*Id.* at 3-4 & Ex. 1; Doc. 28 at 14-15). The Government alleges that Defendant used fairly sophisticated tactics to thwart the state court's efforts to supervise him, including concealing his internet usage by registering his internet service in the name of an out-of-state individual whom Defendant allegedly tricked into an online relationship. (Doc. 29 at 3). Based on these allegations, it appears that no conditions will suffice to ensure Defendant's compliance. Thus, this factor weighs heavily in favor of detention.

Fourth, the Court must consider the "nature and seriousness of the danger to any person or the community" posed by Defendant's release. 18 U.S.C. § 3142(g)(4). Here, the Court finds that the risk of danger to the community—and in particular to vulnerable minors—is significant if Defendant were to be released.

As a final note, Defendant argues in his reply that the Government's opposition to bond relies solely on allegations arising from Defendant's state and federal charges, neither of which have yet resulted in a conviction. Absent these allegations, Defendant argues that the Government has offered no basis for pretrial detention. The Court acknowledges that the primary argument for detention relies on Defendant's pending charges and that Defendant is presumed innocent of these charges. However, the Court is <u>required</u> to consider these pending charges in its analysis of bond. Indeed, the very first statutory factor the Court must consider is the nature and circumstances of the instant alleged offense. 18 U.S.C. § 3142(g)(1). Additionally, the third statutory factor

expressly states that the Court shall consider whether Defendant was on pretrial release to any court at the time of the instant alleged offense. 18 U.S.C. § 3142(g)(3)(B). Thus, the Court's consideration of pending charges is necessary to the analysis.

The Court further acknowledges Defendant's argument that the Court should generally err on the side of pretrial release. However, based on Defendant's charge in the instant case, there is a <u>statutory presumption in favor of detention</u>. The fact that Defendant's criminal history is comprised of currently pending state and federal charges, but no convictions, is insufficient for Defendant to overcome the statutory presumption in favor of detention, particularly given the Court's analysis of all bond factors.

Having considered all relevant statutory factors, the information contained in the pretrial report, the recommendation of the Pretrial Officer, and the arguments of the parties, this Court concurs with the Magistrate Judge's conclusion and finds, independently, that Defendant has failed to overcome the presumption in favor of detention. Specifically, the Court finds that Defendant's release would pose a significant risk to the safety of the community. Additionally, the seriousness of the possible penalties in this federal case—no less the potential of additional penalties resulting from Defendant's state case as well—may give Defendant a significant incentive to flee.

Accordingly, Defendant's motion to for bond (Doc. 28) is **DENIED** and Defendant **SHALL** remain detained pending resolution of this criminal case.

**IT IS SO ORDERED.**

Date: 12/3/2021

Timothy S. Black
United States District Judge